**CARMEN SIMMONS SAYERS and THELMA MAGUIRE,**
**Plaintiffs**

**v.**

**ELAINE SIBILLY COLON, Defendant**

Civil No. 76/240

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 14, 1976

BORNN, FINUCAN & BRUNO (ATTY. EDITH L. BORNN, *of counsel*), St. Thomas, V.I., *for plaintiffs*

GRUNERT, STOUT, HYMES & MAYER (ATTY. JAMES L. HYMES, III, *of counsel*), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

Defendant seeks an order relieving her from a judgment of this Court after her default had been previously entered.

The complaint in this suit was filed on April 29, 1976. The service was effected on defendant on May 6, 1976.

Thereafter on May 18, 1976, defendant moved the Court to order plaintiffs, being non-residents, to post security for costs. Plaintiffs, on June 7, 1976, deposited the sum of $300, and on the 18th of the same month the Court entered an order fixing that sum as the amount of security to be posted by defendant. Nothing further was heard from defendant. On August 30, 1976, plaintiffs moved for the entry of the default of the defendant and the same was entered by the clerk on September 7. The Court then entered judgment on October 8, 1976, and 20 days later came the motion for relief from the judgment.

It is the contention of defendant that her motion to have the plaintiffs post security for costs constituted an appearance in this action. Reasoning from that springboard defendant goes on to contend that she was entitled to notice of plaintiffs' motion for the order of default. It is conceded, the Court assumes, that no such notice was sent to defendant. The Court could do no more than assume this as plaintiffs' response to the motion for relief from judgment answers nothing, fails to address the issue raised by defendant, and merely rehashes the chronology of events.

While this Court admits there is authority to the contrary, it will hew to the line of those cases which deem a motion to compel non-resident plaintiffs to post security for costs as in the nature of a special appearance. Such a motion in no way indicates an intention to defend. It seeks only to postpone the day of reckoning, or if the security is not posted, to have the case dismissed regardless of the merits of the claim. With the motion so treated, defendant can succeed only upon a showing of reasonable neglect and a valid meritorious defense. Before this Court would grant the relief sought it is incumbent on defendant to show why during a lapse of almost four months from the order directing that security be posted, with the security actually posted as of the date of the order, no general appearance,

answer or other responsive pleading had been filed. Additionally, defendant must show the Court that she has a valid defense to this pedestrian debt action on a promissory note. This the defendant may do if she so elects by the filing of a proper affidavit and a proposed answer setting forth such affirmative or other defenses as she may have.

### ORDER

The premises considered, therefore,

IT IS ORDERED that the motion of defendant for relief from the judgment of this Court entered October 8, 1976, be, and the same is hereby DENIED without prejudice to defendant to proceed in accordance with the foregoing memorandum within no later than 20 days from the date hereof.